IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 WELFARE FUND, | )<br>)<br>) |
| PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 PENSION FUND, | )<br>)<br>) |
| PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 BUILDING AND MAINTENANCE ASSESSMENT FUND, | )<br>)<br>)<br>) |
| PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 JOINT APPRENTICESHIP FUND, | ) CIVIL ACTION<br>)<br>) NO. |
| PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 401(K) PLAN, | )<br>) JUDGE<br>) |
| PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 INDUSTRY ADVANCEMENT FUND, | )<br>)<br>)<br>) |
| PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 ORGANIZING AND SUBSIDY FUND, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| MIDWEST UNDERGROUND, INC., a dissolved Illinois corporation, | )<br>)<br>) |
| Defendant. | ) |

**COMPLAINT**

**COUNT I**

The Plaintiffs, PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25

WELFARE FUND, PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 PENSION FUND,

PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 BUILDING AND MAINTENANCE ASSESSMENT FUND, PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 JOINT APPRENTICESHIP FUND, PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 401(K) PLAN, PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 INDUSTRY ADVANCEMENT FUND and PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 ORGANIZING AND SUBSIDY FUND, by their attorneys, complaining of the Defendant, MIDWEST UNDERGROUND, INC., a dissolved Illinois corporation, allege as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. Plaintiffs are various welfare, pension and related joint, labor-management funds and bring this action as "employee welfare benefit funds" and "plans" under ERISA. Plaintiffs Funds are administered within this district.

3. Defendant, MIDWEST UNDERGROUND, INC., was incorporated under the laws of the State of Illinois on April 6, 2004 and was involuntarily dissolved by the Illinois Secretary of State on or about September 11, 2015.

4. Defendant is obligated to make fringe benefit contributions to the Funds, under the terms of the certain "Agreements and Declarations of Trust", establishing and outlining the administration of these Funds, and, pursuant to the terms of a collective bargaining agreement adopting these "Agreements and Declarations of Trust" and entered into by Defendant with Plumbers Local 25.

5. As an employer obligated to make fringe benefit contributions to the Funds, Defendant is specifically required to do the following:

   (a) To submit to Plaintiffs for each month, by the 15th day of the month following the month for which the report is made, a report stating the names, social security numbers, and total hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

   (b) To accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable agreements;

   (c) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to determine whether Defendant is making full payment as required under the applicable agreements;

   (d) To compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendant's failure to pay, or untimely payment of, contributions, by way of the payment of liquidated damages in the amount of ten (10%) percent of any and all contributions which are not timely received by Plaintiffs for a particular month, as specified fully in Paragraph 4(a) above, together with interest as provided in ERISA, 29 U.S.C. §1132(g);

   (e) To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiffs;

   (f) To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions;

   (g) To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

6. Defendant is delinquent and has breached its obligations to Plaintiffs and its obligations under the plans in the following respects:

    Defendant has failed and refused to submit all of its reports to Plaintiffs due for March 2016 through the present and/or has failed to make payment of all contributions acknowledged by Defendant thereon to be due Plaintiffs. Defendant is, therefore, subject to liquidated damages, as authorized by the Trust Agreements. Plaintiffs have assessed liquidated damages against the Defendant, as authorized by the Trust Agreements, but Defendant has failed and refused to make payment of said liquidated damages.

  7. That upon careful review of all records maintained by them, and after application of any and all partial payments made by Defendant, the total amount due is unknown, based upon Defendant's failure to submit all required reports or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

  8. Plaintiffs have requested that Defendant fully perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

  9. Defendant's continuing refusal and failure to fully perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

  WHEREFORE, Plaintiffs pray:

(A) That an account be taken as to all employees of Defendant covered by the collective bargaining agreement or agreements as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiffs, covering the period for which the collective bargaining agreement is to be effective;

(B) That Defendant be enjoined and ordered to submit all delinquent monthly contribution reports to Plaintiffs with the information required to be provided thereon, to continue to submit such reports while this is pending, and to comply with its contractual obligation to timely submit such reports in the future;

(C)   That judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions, liquidated damages, any costs of auditing Defendant's records, accrued interest, and Plaintiffs' reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the plan and in ERISA;

(D)   That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

## COUNT II

1.   This action arises under the laws of the United States and is brought pursuant to the terms of the Labor-Management Relations act of 1947, as amended, 29 U.S.C. §185.  Jurisdiction is based on the existence of questions arising thereunder as hereinafter more fully appears.  The rights asserted herein arise from the same series of transactions as Count I, and there are common questions of law and facts to both Counts.

2.   Plaintiff, PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 BUILDING AND MAINTENANCE ASSESSMENT FUND (hereinafter "Building Fund"), is a pass-through fund authorized pursuant to the aforesaid collective bargaining agreement to collect deductions from employees' wages covered by the collective bargaining agreement for each hour worked.

3.   Pursuant to the aforesaid collective bargaining agreement, Defendant has agreed to deduct from the wages of those of its employees performing work covered by said collective bargaining agreement sums of money as and for the Building Fund, which monies are to be payable monthly to the Fund, along with Defendant's regular fringe benefit reports and contributions as described in Count I of this Complaint.

4.   Defendant has deducted or has been required to deduct amounts for the Building Fund from the wages of its employees as required by the collective bargaining agreement and written

employee authorizations for wage deduction, but has failed and refused to remit any part of such monies so deducted to the Building Fund, but has instead converted such monies to its own use.

    5.    The total amount of money which Plaintiff Building Fund knows Defendant to have failed to remit in violation of the collective bargaining agreement is unknown at this time due to Defendant's failure to submit its monthly fringe benefit contribution reports for March 2016 forward, subject however to the possibility that additional monies may be due Plaintiffs from Defendant based upon Defendant's failure to submit all required reports, or to accurately state all amounts due on reports previously submitted, and subject further to the possibility that additional amounts will become due during the pendency of this lawsuit.

    6.    The Defendant's acts and omissions as described herein constitute a breach of the collective bargaining agreement and entitle Plaintiff Building Fund to recover from Defendant all monies which Defendant was required to remit to Plaintiff Building Fund, whether deducted from wages or not, and whether traceable or untraceable commingled with Defendant's assets, and further entitle Plaintiff Building Fund to recover from Defendant its damages for breach of Defendant's obligations.

WHEREFORE, Plaintiff Building Fund prays:

(A)    That judgment be entered in its favor and against Defendant for all sums determined to be due Defendant to Plaintiff Building Fund;

(B)    That Plaintiff Building Fund recover from Defendant its damages and all costs of collection and recovery, including its reasonable attorneys' fees and costs;

(C)    That Plaintiff Building Fund have such further relief as may be considered just and equitable by the Court, all at Defendant's cost.

    /s/   Patrick N. Ryan

        Catherine M. Chapman
        Patrick N. Ryan - Lead Counsel
        Attorneys for the Plaintiffs
        Baum Sigman Auerbach & Neuman, Ltd.
        200 West Adams Street, Suite 2200
        Chicago, IL  60606-5231
        Bar No.: 6278364
        Telephone:  (312) 216-2573
        Facsimile: (312) 236-0241
        E-Mail: pryan@baumsigman.com

I:\25J\Midwest Underground\#27059\complaint.pnr.df.wpd